635 So.2d 263 (1994)
Deborah McCALL, et al., Plaintiff-Appellant,
v.
CAMERON OFFSHORE BOATS, INC., et al., Defendants-Appellees.
No. 93-787.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1994.
James K. Nichols, De Ridder, for Deborah McCall.
Christopher M. Trahan, Lake Charles, for Cameron Offshore Boats, Inc. et al.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
*264 SAUNDERS, Judge.
This is an appeal by Deborah McCall, plaintiff-appellant, in her individual capacity, from the grant of an exception of res judicata in favor of defendants-appellees, Cameron Offshore Boats, Inc. (Cameron) and United States Fidelity and Guaranty Insurance Company. We find that the trial court erred in the grant of the exception and reverse accordingly.

FACTS
Plaintiff, Deborah McCall, instituted the present suit to recover damages for injuries sustained on April 12, 1991, in an automobile accident. The accident occurred when one of the tires blew out in the vehicle Ms. McCall was driving. The vehicle being operated by the plaintiff at the time of the accident was owned by defendant, Cameron. Mr. McCall, plaintiff's estranged husband at the time of the accident, was the president of Cameron.
Plaintiff brought suit alleging Cameron's negligence on behalf of herself and her minor child, Monique, who was also injured in the accident. United States Fidelity and Guaranty Insurance Company (USF & G) insured the vehicle at the time of the accident and was also named defendant.
Defendants filed a peremptory exception of res judicata alleging that all of the claims asserted in this proceeding had been resolved by a compromise agreement whereby plaintiff had expressly released "Henry Albert McCall, Jr. [and] his predecessors, affiliates, insurers, representatives, agents, successors, assigns, and employees." The exception was set for hearing on September 10, 1992.
Movant filed the affidavit of Henry McCall, Jr. in connection with the exception. He attested to the fact that he was married to defendant on December 27, 1980, and that they were divorced on May 28, 1991; that on April 12, 1991,[1] they were separated and she was using a 1988 Cadillac DeVille automobile owned by Cameron Offshore Boats, Inc. and that he is the sole shareholder of Cameron. He also attached a copy of the compromise agreement to his affidavit.
In opposition to the exception of res judicata, Deborah McCall filed an affidavit dated September 9, 1992, in which she attested that her intent in executing the compromise on May 21, 1991, was to settle those claims associated with the lawsuit entitled McCall v. McCall, Docket No. 91-290, on appeal with this court. She continued by stating that it was not her intention to compromise any cause of action or claim arising out of the April 12, 1991, accident. Finally, she stated that, although there were negotiations prior to the execution of the compromise at issue, any potential cause of action or claim arising from the April 12, 1991, automobile accident was not discussed. She concludes the affidavit by stating that "[t]he sole and only purpose of that agreement was to terminate the then pending domestic litigation between her and her former husband, Henry Albert McCall, Jr."

ISSUE
The issue before us is whether the compromise agreement executed between Deborah McCall and Henry Albert McCall, Jr. would properly act as a release of a cause of action or claim belonging to Deborah McCall against Cameron Offshore Boats, Inc. and its insurer. We find that it does not for two reasons. First, Cameron Offshore Boats, Inc. was not a party to the compromise and second, it is clear that Mrs. McCall did not intend to release her claim arising from the April 12, 1991, automobile accident in the compromise agreement.

DISCUSSION
The compromise agreement at issue was entered into on May 21, 1991, and was signed by Deborah Gail McCall and Henry Albert McCall, Jr., both in their individual capacity. The document was captioned Deborah Gail McCall v. Henry Albert McCall, Jr., Docket No. 91-290 and filed with this court in the parish of Cameron on June 10, 1992. The compromise agreement states, in pertinent part:
"BEFORE ME, the undersigned authority, personally came and appeared DEBORAH *265 GAIL MCCALL, who, being first duly sworn, deposed and stated that:
1.
"Reference is made to this lawsuit, in which the appearer herein asserts certain claims against HENRY ALBERT MCCALL, JR. to-wit: (1) That a prenuptial agreement she signed with Mr. McCall prior to their marriage in 1980 was invalid, and (2) that she was free from fault in causing their separation in February of 1990.
2.
"The appearer has fully and finally compromised and settled all claims currently pending in these proceedings, as identified in the caption at the head of this instrument, in consideration of the payment to her by HENRY ALBERT MCCALL, JR., of ONE THOUSAND AND NO/100THS ($1,000.00) DOLLARS, cash in hand, together with all costs of court. Additionally, HENRY ALBERT MCCALL, JR., agrees to accept responsibility for, and discharge, the current indebtedness on the Sears commercial account standing in the name of Cameron Charter Boats and bearing number XX-XXXXXX-XXX as well as the balances due this date on VISA credit card account numbers XXXXXXXXXXXXXXXX and XXXXXXXXXXXXXXXX. It is estimated by the parties that this indebtedness currently stands in the amount of $3,184.70. Finally, as further consideration, HENRY ALBERT MCCALL, JR., agrees to furnish signed affidavits of non-prosecution to the District Attorney for Cameron Parish in pending proceedings involving theft of property against Deborah Gail McCall and Brad Phillips.
3.
"The appearer herein, Deborah Gail McCall, does by these presents accept the consideration described above in full payment, satisfaction, compromise, release, and discharge of any and all claims and demands of every kind and character whatsoever that she has now, or may have, in any capacity, against HENRY ALBERT MCCALL, JR., his predecessors, affiliates, insurers, representatives, agents, successors, assigns, and employees, particularly all claims and demands that she may have arising or accruing as a result of claims asserted in the proceedings described above, the record of which is hereby adopted by reference as if fully reprinted herein in its entirety.
4.
"Nothing in this instrument shall be construed to release or otherwise discharge any claim the appearer may have for child support for the benefit of the minor child, Mary Monique McCall.
5.
"In return for the consideration, both payments and promises, set forth above, the appearer herein acknowledges Henry Albert McCall's ownership of the pneumatic nail gun, dinette set located in the house on Ann Street, one of three television sets removed from the house on Ann Street, and the pool table presently located in the house on Ann Street. The appearer further agrees that the baby furniture and the present bedroom furniture of Mary Monique McCall will belong to the domiciliary parent designated for the minor child.
6.
"The appearer herein further acknowledges that this instrument does not constitute an admission of any liability whatsoever on the part of any party in whose favor it is executed, and that the cause and consideration for these appearers and for the parties herein released to enter into this agreement is to put an end to this litigation and to adjust their differences by mutual consent in the manner agreed upon, which each party prefers to the hope of gaining, balanced by the risk of losing, should this litigation continue.
7.
"The appearers herein hereby authorize and direct their attorneys of record to dismiss the proceedings described above, *266 including the main demand and any and all incidental demands, with prejudice, and otherwise to execute whatever legal documents are necessary to terminate the proceedings described above with finality.
* * * * * *
10.
"Finally, now appears HENRY ALBERT MCCALL, JR., who affirms the consideration that has been furnished and is to be furnished herein for this compromise, receipt, and complete release and binds himself thereto by his signature below."
Recently, the Louisiana Supreme Court in Daigle v. Clemco Industries, 613 So.2d 619, 622 (La.1993), discussed the law applicable to contracts of compromise as follows:
"A transaction or compromise is an agreement between two or more persons, who, for the purpose of preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. La. Civ.C. art. 3071. Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them. La.Civ.C. art. 3073. The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises. Id. When the parties have compromised generally on all differences which they might have had with one another, the titles which they then know nothing of and which are afterwards discovered are not a cause of rescinding the transaction, unless they have been kept concealed on purpose by the deed of one of the parties. La.Civ.C. art. 3083."

Cameron contends that the compromise agreement includes the release of any claims Deborah had against Cameron arising from the automobile accident of April 12, 1991. The trial court agreed stating, in its reasons for judgment, as follows:
"Plaintiff argues that the document does not release the defendant corporation or any insured from her personal injury claim, as they were not parties to the settlement. However, defendant points to language in the agreement which releases `... Henry Albert McCall, his predecessors, affiliates, insurers, representatives,...' We believe that defendant is correct in asserting that this listing encompasses both Mr. McCall's wholly owned corporate entity and its insurer. While the word "corporation" is not used in the document the Court notes that the usual definition of affiliate is `a company effectively controlled by another or associated with others under common ownership and control.' (See Webster's New Collegiate Dictionary.)"
Initially, we note that Cameron was neither a party to the compromise nor a party to the pending litigation which the compromise was intending to settle, i.e., McCall v. McCall. Additionally, although Mr. McCall's affidavit states that he is the sole shareholder of Cameron, we also note that Mr. McCall did not sign the compromise as an agent for Cameron.
That portion of the compromise relied on by the trial court, when read in full as set forth above at Paragraph 3, clearly settles only those claims against Henry McCall, particularly those claims arising as a result of the divorce between the parties and their community property settlement. The settlement of a tort claim belonging to Deborah McCall against a third party, consisting of her separate property, would have no connexity to the compromise of the pending appeal in the McCall's divorce action.
Additionally, the trial court relied upon the definition of "affiliates" in expanding the compromise agreement to include an unnamed party. The court correctly noted that the word "corporation" was not listed in the document.
"Affiliate" is defined in Black's Law Dictionary, 6th Edition (1991), as follows:

*267 Affiliate/&schwa;filiyeyt/. Signifies a condition of being united; being in close connection, allied, associated, or attached as a member or branch.

Affiliate company. Company effectively controlled by another company. A branch, division, or subsidiary. Under Investment Company Act (15 U.S.C.A. § 80a-2), company in which there is ownership (direct or indirect) of 5 percent or more of the voting stock.
Corporations which are related as parent and subsidiary, characterized by identity of ownership of capital stock. Northeastern Consol. Co. C. v. U.S., C.A.Ill., 406 F.2d 76, 79.
It is well settled that a corporation has a separate and distinct identity apart from the individuals who compose it. See LSA-R.S. 12:93. This principle is embodied in LSA-C.C. art. 24, as follows:
There are two kinds of persons: natural persons and juridical persons.
A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.
In the present case, the word "corporation" is conspicuous by its absence. The compromise agreement lists numerous other legal entities and appears to have excluded "corporation" intentionally. Under these circumstances, we must find that the general rule applies that a compromise is binding on the parties, but is not binding on non-parties. See LSA-C.C. art. 3077; EM Nominee v. Arkla Energy, 615 So.2d 1369 (La.App.2d Cir.1993).
Cameron also contends that the trial court correctly found that Ms. McCall intended to release any claims against Cameron arising from the April 12, 1991, automobile accident when she entered into the compromise agreement with Mr. McCall.
LSA-C.C. art. 3078 provides:
Art. 3078. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
In cases where the matter in dispute is at issue, rescission is an available remedy as set forth in LSA-C.C. art. 3079 as follows:
Art. 3079. A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.
In the present case, the trial court, in finding that Ms. McCall intended to settle her claim against Cameron, manifestly erred in relying upon an incorrect reading of her affidavit submitted into evidence at the hearing on the exception. The trial court stated in its reasons for judgment:
"It is also clear from Mrs. McCall's own affidavit in opposition to the exception considered here that she knew that a claim existed and that `there were negotiations that occurred between her and her husband, individually, and trough (sic) their respective attorneys and (sic) her potential cause of action ...'. Mrs. McCall was clearly represented by counsel in these compromise and settlement proceedings. The tort claim was by her own admission discussed. Her signature is on the settlement document; it is not there for decoration. She must be held to its stated contents, her present assertions of intent notwithstanding.
* * * * * *
"As previously noted, the plaintiff's tort claim for injury from the automobile existed at the time of the compromise and by plaintiff's own admission had been discussed by counsel in the time leading up the compromise. She cannot not now be heard to say that the broadly inclusive language of the agreement did not include her tort claim against the plaintiff's wholly owned affiliated corporation and its insurer."
The trial court was mistaken in finding that Ms. McCall had discussed her potential tort claim against Cameron in the negotiations prior to the execution of the compromise agreement.
*268 The compromise agreement is silent as to any discussions of any claims against Cameron. No testimony was offered at the hearing on the exception. The affidavit of Mr. McCall was entered into evidence. Mr. McCall's affidavit does not contend that the parties negotiated for the release of any claims regarding Ms. McCall's injuries in the automobile accident.
Insofar as no testimony was tendered, the only remaining evidence was the affidavit of Ms. McCall which stated as follows, in toto:
"Appearer did in fact execute an act of compromise, receipt and complete release of all claims on May 21, 1991, in the matter entitled `Deborah Gail McCall vs. Henry Albert McCall, Jr.', No. 91-290 on the docket of the Third Circuit Court of Appeals, Parish of Cameron, State of Louisiana.
"That it was her intent in the execution of that agreement to compromise and release all claims that were asserted by her in that particular law suit. At the time she executed that agreement she had been injured in an automobile accident while driving an automobile owned by Cameron Offshore Boats, Inc., but she was not aware that she a potential cause of action against that corporation, and it was never her intent to compromise or release any cause of action or claim which she had or may have arising out of that automobile accident which occurred on April 12, 1991 in Beauregard Parish, Louisiana.
"Prior to the execution of the compromise agreement, there were negotiations that occurred between her and her husband, individually, and trough [sic] their respective attorneys and her potential cause of action or claim resulting from the automobile accident occurring on April 12, 1991 was never the subject of any of those negotiations that led to the eventual compromise agreement executed the parties. The sole and only purpose of that agreement was to terminate the then pending domestic litigation between her and her former husband, Henry Albert McCall, Jr."
 (Emphasis ours.)
A close reading of Ms. McCall's affidavit clearly states that her claim against Cameron was never discussed in the negotiations prior to the execution of the compromise agreement. Therefore, the trial court clearly erred in its finding of fact upon which it based the granted of the exception of res judicata in favor of Cameron.
We hold that the compromise agreement executed between Deborah and Henry McCall does not reflect an intent by Deborah McCall to settle her claim against Cameron, a third party. The documentary evidence offered in support of the exception of res judicata is insufficient to support a finding that Ms. McCall intended to settle the personal injury claim which is the subject of this litigation. Compromises do not extend to differences which the parties never intended to include in them. See LSA-C.C. art. 3073.
Thus, we find that the cause of action, the basis of this lawsuit, was not compromised by Ms. McCall.

CONCLUSION
Based upon the foregoing, the judgment of the trial court granting the exception of res judicata in favor of Cameron Offshore Boats, Inc. and United States Fidelity and Guaranty Insurance Company, movants and appellees herein, is hereby reversed and remanded to the trial court for proceedings consistent with this opinion.
Costs at trial and on this appeal are to be paid by Cameron Offshore Boats, Inc. and United States Fidelity and Guaranty Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] This is the date of the alleged accident.